IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CARLOS BALDERAMA-IRIBE,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING REDUCTION IN SENTENCE**<br><br>Case No. 2:03-cr-00997-JNP-CMR<br><br>Judge Jill N. Parrish |

This matter is before the court on Mr. Carlos Balderama-Iribe's ("Mr. Balderama") motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). In his motion, Mr. Balderama asks the court to reduce the life-sentence previously imposed to a sentence of time served. A hearing on the motion was held on October 21, 2021. Mr. Balderama appeared for the hearing by video from United States Penitentiary Atwater. He was represented at the hearing by Nathan Phelps. The government was represented at the hearing by Assistant United States Attorney Cameron Warner. At the hearing, counsel for both parties announced that they had reached an agreement for the resolution of Mr. Balderama's motion that reduced his sentence to one of time served. After considering the terms of the proposed agreement, the court agrees that a reduction is proper and grants Mr. Balderama's motion as explained below.

First, under 18 U.S.C. § 3582(c)(1)(A), before a defendant can seek a sentence reduction from the court that sentenced him, he must first request that the Bureau of Prisons ("BOP") seek a reduction on his behalf. This requirement is a claim-processing rule, not a jurisdictional requirement, and so it can be waived by the government. *See United States v. Hemmelgarn*, No. 20-4109, 2021 WL 4692815, at *2–*3 (10th Cir. Oct. 8, 2021). The parties initially disputed

whether Mr. Balderama had satisfied this requirement. However, under the agreement presented by the parties, the government has agreed to waive the exhaustion requirement. Based on that waiver, the court concludes that there is no procedural impediment to granting Mr. Balderama relief and that his motion is properly before the court.

Second, a sentence reduction is available under § 3582(c)(1)(A) only if the court finds that "extraordinary and compelling reasons" support a reduction. Under their agreement, Mr. Balderama and the government assert that the following circumstances, when considered together, meet that requirement: Mr. Balderama's age and declining health; Mr. Balderama's mother's age, health issues, and need for support after two of her sons (Mr. Balderama's brothers) recently died; and Mr. Balderama's children's need of support. Exercising this court's authority to determine what constitutes "extraordinary and compelling reasons," *see United States v. McGee*, 992 F.3d 1035, 1045 (10th Cir. 2021), the court finds that the facts presented meet the statute's requirement and that a reduction is appropriate.

Third, a sentence reduction is available under § 3582(c)(1)(A) only if the reduction is consistent with the Sentencing Commission's applicable policy statements on such reductions. However, as currently written, "the Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants." *McGee*, 992 F.3d at 1050. Because there is no applicable policy statement inconsistent with Mr. Balderama's request, the court finds that a reduction is permissible.

Fourth, a sentence reduction is available under § 3582(c)(1)(A) only if the requested reduction is appropriate under the relevant § 3553(a) factors. Mr. Balderama and the government both agree that the proposed reduction is appropriate under the relevant factors. The court agrees

as well and finds that the reduction is warranted. Mr. Balderama has spent almost 18 years in custody for a run-of-the-mill violation of 21 U.S.C. § 841(b)(1)(A). A sentence of that length is more than sufficient to meet § 3553(a)'s demands.

For the foregoing reasons, the court grants Mr. Balderama's motion and reduces Mr. Balderama's sentence to time served with a 3-year period of supervised release to follow. Further, consistent with the agreement that was reached at the hearing, the court exercises its authority under 18 U.S.C. § 3583(e)(2) to amend the terms of Mr. Balderama's supervised release to include the following provision: "Mr. Balderama may not reenter the United States except in compliance with all applicable laws." An amended judgment consistent with this order will follow.

DATED October 25, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Judge

3